**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **DAVID TANG**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16 C 11102 |
| | ) | |
| **SOUTHEAST DIRECTIONAL DRILLING, LLC**, a **PLH GROUP COMPANY** and **ZACHARY DAHL**, | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Southeast Directional Drilling, LLC ("Southeast") has filed a Notice of Removal ("Notice") to bring this personal injury action from its place of origin in the Circuit Court of Cook County to this District Court. This memorandum order is issued sua sponte because of a problematic aspect of the removal papers.

Because federal subject matter jurisdiction is sought to be grounded in diversity of citizenship, a brief look should first be taken at the relevant citizenship of the litigants. Here are the allegations on that score:

1. Notice ¶ 7 asserts on information and belief that plaintiff David Tang ("Tang") is an Illinois citizen.

2. Notice ¶ 4 asserts (again on information and belief) that codefendant Zachary Dahl ("Dahl") is not an Illinois citizen. And Notice ¶ 3 asserts (once more on information and belief) that he had not been served as of the December 6 date of filing the Notice, so that his joinder in the removal documents is not required.

3. Because Southeast's citizenship as a limited liability company is the citizenship of each of its members (see, e.g., <u>Wise v. Wachovia Sec., LLC</u>, 450 F.3d 265, 267 (7th Cir. 2006)), the assertions in Notice ¶ 6 as to its place of incorporation and its principal place of business are totally irrelevant. What controls instead is the assertion in that same paragraph that it "is a wholly domestic subsidiary of PLH Group, Inc." ("PLH"), which Notice ¶ 5 asserts "is a corporation organized under the laws of the State of Delaware with its principal place of business in the State of Texas." Those assertions combine to represent that PLH is Southeast's sole member, so that Southeast is a citizen of Delaware and Texas.

All of that coalesces to establish the requisite total diversity as between Tang on one side of the "v." sign and Southeast and Dahl on the other side.

That then leaves the need to consider whether the amount in controversy is greater than $75,000 (28 U.S.C. § 1332(a)). And on that score Southeast offers up nothing other than its ipse dixit, which Notice ¶ 10 characterizes as "a good faith belief" that such is the case. But in that respect Tang's allegations in Paragraph 9 of each of the two counts in his Complaint asserts only that he "suffered and will continue to suffer injuries of a personal, pecuniary and permanent nature," while Notice ¶ 9 somehow converts that assertion into an allegation of "<u>serious</u> continuing injuries" of that type (emphasis added). That attempted conversion is really impermissible and cannot be accepted as a springboard for an asserted "good faith belief" as to the amount in controversy.

Accordingly this Court will defer its potential acceptance of the removal of this action until December 22, 2016. If no satisfactory correction is made by Southeast's counsel by a filing

by that date (with a paper copy being delivered to this Court's chambers), this Court will be compelled to remand this action to its state court place of origin for the lack of an appropriate showing of federal subject matter jurisdiction -- an action called for by 28 U.S.C. § 1447(c).

_____
Milton I. Shadur
Date: December 8, 2016                Senior United States District Judge