# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DAVID TANG, | ) |
|           Plaintiff, | ) |
| v. | )   Case No. 16 C 11102 |
| SOUTHEAST DIRECTIONAL DRILLING, LLC, a PLH GROUP COMPANY, | ) |
|           Defendants. | ) |

## MEMORANDUM ORDER

On December 8, 2016 this Court conducted its customary prompt review of the Notice of Removal ("Notice") that had been filed two days earlier by co-defendant Southeast Directional Drilling, LLC ("Southeast")[1] to bring this personal injury action from the Circuit Court of Cook County to this District Court. That review disclosed one possible problematic aspect of the removal papers, prompting this Court's sua sponte issuance of a memorandum order on that December 8 date.

With Southeast having predicated the existence of federal subject matter jurisdiction in diversity-of-citizenship terms, the Notice had satisfactorily established the existence of the requisite diversity. What raised a possible problem, however, was the amount-in-controversy requirement for removal, as to which the state court Complaint filed by counsel for plaintiff David Tang ("Tang") had spoken in the frequently-employed boilerplate language that gives no clue as to the real amount in controversy (Illinois state law has no requirement that a plaintiff's

---

[1] Notice ¶ 3 stated on information and belief that co-defendant Zachary Dahl had not yet been served with process, so that his joinder in the removal documents was not required.

claimed damages must be quantified in his or her personal injury complaint). Accordingly the Order deferred this Court's potential acceptance of the removal for two weeks (until December 22) to allow Southeast's counsel to provide input on that score.

Now Southeast's counsel has indeed tendered a timely Amended Notice of Removal ("Amended Notice") that amply identifies the serious nature of the injuries claimed by plaintiff Tang -- injuries that have assertedly generated more than $175,000 in medical specials to date (Amended Notice ¶ 15). And that being the case, federal subject matter jurisdiction has been satisfactorily confirmed.

Because both sides of this litigation are already represented by counsel (a respect in which removed cases differ from actions first brought to this District Court by the filing of a plaintiff's complaint), this Court regularly sets a very early status hearing date in a removal case, rather than entering a scheduling order that allows for the service of process, the early disclosures called for by Fed. R. Civ. P. 26 and other matters. Because this Court's regular courtroom deputy is on leave this week, a minute entry setting that status should be forthcoming next week.

                                                     *[signature]*
                                         _____
                                         Milton I. Shadur
Date: December 23, 2016           Senior United States District Judge