IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID TANG,<br><br>        Plaintiff,<br><br>v.<br><br>SOUTHEAST DIRECTIONAL<br>DRILLING, LLC, a PLH GROUP<br>COMPANY and ZACHARY DAHL,<br><br>        Defendants. | Case No. 16-cv-11102<br><br>Illinois State Court Case<br>No. 2016 L 010795 |

**DEFENDANT, SOUTHEAST DIRECTIONAL DRILLING, LLC, a PLH GROUP COMPANY ANSWER TO PLAINTIFF'S COMPLAINT AT LAW**

**COUNT I - NEGLIGENCE**

**(SOUTHEAST DIRECTIONAL DRILLING, LLC, a PLH GROUP COMPANY)**

NOW COMES Defendant, SOUTHEAST DIRECTIONAL DRILLING, LLC, a PLH GROUP COMPANY, by and through its attorneys, PATTON & RYAN, LLC, for its Answer to Plaintiff's Complaint at Law, states as follows:

1. At all times relevant, defendant, SOUTHEAST DIRECTIONAL DRILLING, LLC, a PLH GROUP COMPANY ("SOUTHEAST") was a limited liability company doing business in the County of Cook, State of Illinois.

**ANSWER: Defendant admits that at all times relevant, SOUTHEAST DIRECTIONAL DRILLING, LLC, a PLH GROUP COMPANY ("SOUTHEAST") was a limited liability company doing business in the County of Cook, State of Illinois.**

2. At all times relevant, Defendant, SOUTHEAST owned a 2007 Chevy Pick-up bearing Illinois license plate CJ19653 ("Pick-up").

ANSWER: Defendant admits that at all times relevant, Defendant, SOUTHEAST owned a 2007 Chevy Pick-up bearing Illinois license plate CJ19653 ("Pick-up").

3. At all times relevant, ZACHARY DAHL ("DAHL"), was employed by SOUTHEAST.

ANSWER: Defendant admits that at all times relevant, ZACHARY DAHL ("DAHL"), was employed by SOUTHEAST.

4. On March 17, 2016, SOUTHEAST, by and through its employee, DAHL, operated the Pick-up in a southbound direction on Elmhurst Road before attempting to turn left onto a private road or driveway at or near 1100 Elmhurst Road, in the City of Elk Grove, County of Cook, State of Illinois.

ANSWER: Defendant admits that on March 17, 2016, SOUTHEAST, by and through its employee, DAHL, operated the Pick-up in a southbound direction on Elmhurst Road before attempting to turn left onto a private road or driveway at or near 1100 Elmhurst Road, in the City of Elk Grove, County of Cook, State of Illinois.

5. At the time and place aforesaid, DAHL, was acting within the course and scope of his employment with SOUTHEAST.

ANSWER: Defendant admits that at the time and place aforesaid, DAHL, was acting within the course and scope of his employment with SOUTHEAST.

6. On March 17, 2016, Plaintiff, DAVID TANG, was operating a motor vehicle in a northbound direction at or near 1100 Elmhurst Road, in the City of Elk Grove, County of Cook, State of Illinois.

**ANSWER: Defendant admits that on March 17, 2016, Plaintiff, DAVID TANG, was operating a motor vehicle in a northbound direction at or near 1100 Elmhurst Road, in the City of Elk Grove, County of Cook, State of Illinois.**

7. On March 17, 2016, the Pick-up operated by DAHL, attempted to make a left hand turn off of Elmhurst Road into a private road or driveway when it struck the motor vehicle operated by Plaintiff, DAVID TANG northbound on Elmhurst Road.

**ANSWER: Defendant admits that on March 17, 2016, the Pick-up operated by DAHL, attempted to make a left hand turn off of Elmhurst Road into a private road or driveway. Defendant denies that it struck the motor vehicle operated by Plaintiff, DAVID TANG northbound on Elmhurst Road.**

8. On March 17, 2016, Defendant, SOUTHEAST, by and through the actions of its employee, DAHL, was negligent in one or more of the following ways:

   a. Failed to yield the right-of-way to plaintiffs vehicle approaching from the opposite direction before turning into a private road or driveway, in violation of 625 ILCS 5/11-902;

   b. Crossed the center lane and drove into oncoming traffic when it was unsafe to do so;

c. Failed to decrease speed, give audible warning or take evasive action so as to avoid colliding with another vehicle; and

    d. Failed to keep and maintain a proper and sufficient lookout.

**ANSWER: Defendant denies that on March 17, 2016, Defendant, SOUTHEAST, by and through the actions of its employee, DAHL, was negligent in one or more of the following ways:**

   a. **Defendant denies that it failed to yield the right-of-way to plaintiff's vehicle approaching from the opposite direction before turning into a private road or driveway, in violation of 625 ILCS 5/11-902;**

   b. **Defendant denies that it crossed the center lane and drove into oncoming traffic when it was unsafe to do so;**

   c. **Defendant denies that it failed to decrease speed, give audible warning or take evasive action so as to avoid colliding with another vehicle; and**

   d. **Defendant denies that it failed to keep and maintain a proper and sufficient lookout.**

9. As a direct and proximate result of one or more of the aforesaid negligent acts or omissions of Defendant, SOUTHEAST, by and through its employee, DAHL, Plaintiff, DAVID TANG, suffered and will continue to suffer injuries of a personal, pecuniary and permanent nature.

**ANSWER: Defendant denies that as a direct and proximate result of one or more of the aforesaid negligent acts or omissions of Defendant, SOUTHEAST, by and through its**

employee, DAHL, Plaintiff, DAVID TANG, suffered and will continue to suffer injuries of a personal, pecuniary and permanent nature.

WHEREFORE, Defendant, SOUTHEAST DIRECTIONAL DRILLING, LLC, prays for the entry of judgment in its favor and against the Plaintiff, DAVID TANG, and requests recovery of any, and all, costs of litigation against Plaintiff, or any other remedy the Court deems just, including trial by jury (Exhibit A).

## COUNT II—NEGLIGENCE
### (ZACHARY DAHL)

Defendant, SOUTHEAST DIRECTIONAL DRILLING, LLC, makes no answer to the allegations contained in Count II of Plaintiff's Complaint at Law as Count II is not directed at Defendant, SOUTHEAST DIRECTIONAL DRILLING, LLC, to the extent that any answer to Count II is required, Defendant, SOUTHEAST DIRECTIONAL DRILLING, LLC, repeats its answers consistent with Count I and denies all other allegations of Count II.

### FIRST AFFIRMATIVE DEFENSE

In further answer and by way of an affirmative defense, Defendant states that Plaintiff's Complaint at Law, and all Counts thereof, fails to state a cause of action and generally fails to state a claim upon which relief may be granted to the Plaintiff and against Defendant.

### SECOND AFFIRMATIVE DEFENSE

In further answer and by way of an affirmative defense, Defendant states that whatever damages or injuries Plaintiff may have sustained were as a result of the negligent conduct and carelessness of Plaintiff directly contributing thereto, and such conduct bars or comparatively

reduces any possible recovery by the Plaintiff against Defendant. Defendant hereby invokes the defense of contributory negligence and states that Plaintiff was contributorily negligent.

## THIRD AFFIRMATIVE DEFENSE

In further answer and by way of an affirmative defense, Defendant states that whatever damages or injuries Plaintiff may have sustained were as a result of the negligence and carelessness of third parties over which Defendant had neither control nor the right to control and such conduct bars or comparatively reduces any possible recovery by the Plaintiff against Defendant.

WHEREFORE, having fully answered Plaintiff's Complaint at Law, Defendant, SOUTHEAST DIRECTIONAL DRILLING, LLC, prays that Plaintiff's Complaint at Law be dismissed, that its costs be reimbursed and for such other and further relief as this Court deems just and proper, including trial by jury.

Respectfully Submitted,

By: _____
One of Defendant's Attorneys

John W. Patton, Jr. (ARDC 6186472)
Stephen Niemeyer (ARDC 6273657)
Mark A. Javier (ARDC 6289832)
**PATTON & RYAN, LLC**
330 N. Wabash Avenue, Suite 3800
Chicago, Illinois 60611
Telephone: (312) 261-5160
Facsimile: (312) 261-5161
Email: sniemeyer@pattonryan.com
Email: mjavier@pattonryan.com