# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **DAVID TANG**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 16 C 11102 |
| | ) |
| **SOUTHEAST DIRECTIONAL** | ) |
| **DRILLING, LLC**, a **PLH GROUP** | ) |
| **COMPANY** and **ZACHARY DAHL**, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Each of the two defendants in this personal injury action based on a motor vehicle collision has filed a separate Answer to the Complaint filed against them by David Tang ("Tang"). That method of proceeding is entirely understandable, because the defendants are named in separate counts of Tang's Complaint -- Count I as to Southeast Directional Drilling, LLC ("Southeast") and Count II as to Southeast employee Zachary Dahl ("Dahl"), who at the time of the accident was driving a Chevy Pick-up owned by Southeast. This memorandum order is issued sua sponte because both Answers, filed by the same law firm, contain purported Affirmative Defenses ("ADs") that clearly evidence a lack of thought, appearing instead to parrot some boilerplate assertions that should have been left on that firm's pre-programmed software for another day. Here are the two problematic ADs:

1. AD 1 of each Answer is the functional equivalent of a Fed. R. Civ. P. ("Rule") 12(b)(6) motion. Even apart from the fact that the invocation of Rule 12(b)(6) in this case is dead wrong -- remember that an AD must accept the well-pleaded allegations of a complaint as gospel, while

explaining some other reason for a defendant's nonliability or lesser liability (see App'x ¶ 5 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001)) -- a serious motion to dismiss should be addressed up front (and buttressed by an appropriate showing) rather than being left for potential future consideration at some indeterminate date while the lawsuit has gone on in the regular course of discovery and preparation for ultimate resolution via trial or summary judgment. Accordingly each AD 1 is stricken sua sponte.

2. Although each AD 2, an assertion of contributory negligence on Tang's part, is entirely proper and remains for future substantive determination, the same cannot be said about AD 3. What is described in the Complaint and both Answers is a two-vehicle collision stemming from Dahl's attempted left hand turn off of Elmhurst Road in Elk Grove, Illinois into a private road or driveway while Tang was also on Elmhurst Road, driving in the opposite direction (northbound). Nothing suggests any involvement by any third party, so that each defendant's AD 3 is stricken sua sponte as well.

_____
Milton I. Shadur
Senior United States District Judge

Date: February 22, 2017